STATE OF NEW JERSEY, BY THE COMMISSIONER OF
TRANSPORTATION, PLAINTIFF-APPELLANT, v. WIL-
LIAM G. ROHRER, INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 24, 1978—Decided June 14, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Richard L. Rudin,* Deputy Attorney General, argued on behalf of appellant (*Mr. John J. Degnan,* Attorney General, attorney; *Mr. William F. Hyland,* former Attorney General).

*Mr. S. David Brandt* argued on behalf of respondent (*Messrs. Brandt, Haughey, Penberthy & Lewis,* attorneys).

PER CURIAM. The State appeals from a judgment awarding defendant landowner $177,512 as damages in this condemnation proceeding. It contends that the judge erred in holding that defendant's building had no value after the taking and in awarding defendant the cost of demolishing the building. ██ We affirm. There is sufficient credible evidence in the record to support the finding that the cost of repairing the building would exceed the value of the building in a restored condition. *Rova Farms Resort v. Investors Ins. Co.,* 65 *N. J.* 474, 484 (1974) ; *State v. Johnson,* 42 *N. J.* 146 (1964). Defendant is entitled to the difference between the market value of his entire property before the taking. Alternatively, damages may be calculated by adding the value of the property taken to the damage to the remainder. *Village of South Orange v. Alden Corp.,* 71 *N. J.* 362, 367–368 (1976) ; *State v. Interpace Corp.,* 130 *N. J. Super.* 322, 329 (App. Div. 1974).

Here the State took all of the frontage on defendant's property and demolished the front 31 feet of a building. At the time of the taking the building was rented to various tenants.

After the taking, defendant was required to obtain a building permit in order to restore the front of the building. Moreover, before he could reoccupy the building, he had to obtain a certificate of occupancy. The building inspector testified that such a certificate would not be issued for this building until defendant had completed substantial repairs.

Those repairs included extensive renovation and replacement of the electrical, plumbing and heating systems and correction of structural deficiencies. Those defects and deficiencies existed before the taking but defendant was not required to correct them before the building could be occupied. That was because his use of the building pre-existed the building code so that he was not required to pass any city inspection in order to obtain a certificate of occupancy.

The need for a certificate of occupancy, and hence for the extensive repairs, was directly attributable to the State's partial demolition of the building. Defendant is entitled to consequential damages resulting from the State's action and, specifically, for damages resulting from the need to comply with municipal ordinances. *State v. Birch,* 115 *N. J. Super.* 457, 466 (App. Div. 1971).

Since defendant has been left with a partially demolished, unusable building, the judge properly awarded him the cost of demolishing the remnant. "If part of a building is left standing in such condition that some value cannot be reclaimed by way of restoration, the owner should receive the value of the entire parcel, as improved, plus the cost of removing the building remnant from the remainder area (minus the value of the remainder area after such removal)." 4A *Nichols, Eminent Domain,* § 14.23 at 14–95. Had he been awarded only the value of the building before taking (less the value of the land) he would not have been able to use the property until the building was demolished. The award of demolition costs therefore does no more than compensate him for his actual loss and leave him with the only valuable portion of the property, the land itself.

Affirmed.